RECEIVED
IN LAKE CHARLES, LA.
NOV 03 2009
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JOHN T. SPURLOCK<br>FED. REG. #17866-045<br>VS. | CIVIL ACTION NO. 09-0940<br>SECTION P<br>JUDGE TRIMBLE |
| WARDEN JOE P. YOUNG | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* petitioner John T. Spurlock filed the instant petition for writ of *habeas corpus* on June 9, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana. Petitioner attacks the felony convictions which resulted in his present incarceration and demands his immediate release. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Background*

Following a bench trial in February 2006, in the United States District Court for the Western District of Missouri, petitioner was found guilty as charged of (1) three counts of using a facility of interstate commerce to attempt to persuade a minor to engage in illegal sexual activity; (2) two counts of using a facility of interstate commerce to attempt to transfer obscene material to a minor; and, (3) one count of traveling across state lines in an attempt to engage in

1

illegal sexual activity with another person. *See United States of America v. John T. Spurlock*, No. 4:05-cr-00044 at rec. doc. 52.

On August 26, 2006, petitioner was sentenced to serve concurrent prison terms totaling 169 months. *Id.* at rec. doc. 60. Petitioner appealed to the United States Eighth Circuit Court of Appeals and on July 30, 2007, his convictions and sentences were affirmed. *United States of America v. John T. Spurlock*, 495 F.3d 1011 (8th Cir. 2007). His petition for *certiorari* was denied by the Supreme Court on November 26, 2007. *John T. Spurlock v. United States of America*, __ U.S. __, 128 S.Ct. 687, 169 L.Ed.2d 537 (2007). Petitioner did not file a Motion to Vacate pursuant to 28 U.S.C. § 2255.

Instead of filing a Motion to Vacate, on June 9, 2009, petitioner filed the instant petition for writ of *habeas corpus* invoking the Court's jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2243. Petitioner claims that his incarceration is unlawful because the judgment of the United States District Court for the Western District of Missouri is ". . . void . . . in violation of the Constitution, Laws, and Treaties of the United States . . . ." He contends that the Court which convicted and sentenced him ". . . was not an Article III court. Neither was Mr. Gary Fenner an Article III Judicial Judge [because] Mr. Gary Fenner was appointed to the 'Presidential Branch' as a member of the Presidential Cabinet." Petitioner also maintains that he ". . . is both actually, and factually innocent of having committed any criminal act . . . ."

### *Law and Analysis*

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §

2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Petitioner seeks to collaterally attack his conviction. Thus, petitioner's claims are more appropriately raised in a § 2255 Motion to Vacate, and not a petition for *habeas corpus* pursuant to § 2241.[1]

Federal prisoners, such as the petitioner herein, may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255(e) "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense; and, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The mere fact that a petitioner would probably be time-barred from bringing a 28 U.S.C. § 2255[2] motion does not render the

---

[1] Indeed, 28 U.S.C. § 2255 provides a federal convict with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or, (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470, 7 L.Ed.2d 417 (1962).

[2] Section 2255(f)(1) provides a 1-year period of limitations for filing a motion to vacate and the limitations period is generally reckoned from the date on which the judgment of conviction became final and, finality attaches when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires. *Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). As noted above, the Supreme Court denied certiorari on November 26, 2007 and

statute inadequate or ineffective. *Reyes-Requena,* 243 F.3d at 906 n. 34 (5th Cir.2001).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *See Christopher v. Miles,* 342 F.3d 378 (5th Cir. 2003).

Accordingly,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims. Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

---

therefore the limitations period for seeking §2255 relief expired 1-year later or on November 26, 2008.

In Chambers at Lake Charles, Louisiana, this 30th day of ~~October~~ November, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE